## BARBER v. WINTER.

Court of Appeals of District of Columbia.

Submitted November 22, 1927. Decided December 5, 1927.

No. 1955.

Patents ⊙═91(4)—Senior party held entitled to priority as to invention relating to device for securing rims of fellies.

In interference proceeding, involving an invention relating to devices for securing rims of fellies, senior party *held* entitled to priority.

Appeal from the Commissioner of Patents.

Interference proceeding between William Barber and John R. Winter. Decision for the latter, and the former appeals. Affirmed.

S. E. Darby, of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

L. T. Greist, of Chicago, Ill., and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeal in an interference proceeding. The invention relates to devices for securing rims of fellies, and the issue is defined in seven counts, of which 1 and 7 are copied for illustration:

"1. In a device of the character described, a locking ring adapted to extend circumferentially of the wheel and provided with an inwardly extending flange adapted to contact at its outer surface with the rim of the wheel and at its inner with the felly, a part of the flange extending outwardly of the felly in spaced relation therewith, and the inner edge portion of said ring being adapted to contact with the felly."

"7. In a device of the character described, a locking member including a radially extending part and an inwardly extending flange, the flange being adapted to contact at its outer portion with the rim of the wheel and at its inner portion with the felly, a part of the flange extending outwardly of the felly in spaced relation therewith, and the inner edge portion of said radial part being adapted to contact with the felly."

The application of Barber was filed April 28, 1923; the application of Winter was filed January 10, 1921, and a patent was granted thereon July 24, 1923. Both parties have taken testimony. The Examiner of

Interferences held upon the evidence as follows:

"Although Barber, the junior party, was first to conceive, he has failed to prove any actual reduction to practice, and has failed to prove diligence through the requisite period up to his constructive reduction to practice. In this situation there is no necessity to discuss the evidence adduced to prove that Winter conceived and reduced to practice in 1920, or to consider the evidence stipulated into this record with respect to the availability of steel."

An appeal was taken to the Examiners in Chief, who, after reviewing the proofs, concluded as follows:

"In our opinion the holding of the Examiner of Interferences is correct that Barber was the first to conceive but the last to reduce to practice and that he has not established the necessary diligence. The decision of the Examiner of Interferences, awarding priority of invention in favor of the party Winter, is affirmed."

The decision of the Examiners in Chief was affirmed upon appeal by the Commissioner of Patents. The issues involved herein are of fact, not law, and a review of the record convinces us that the concurrent decisions of the Patent Office thereon are correct, and, moreover, that the grounds upon which they rest are sufficiently set out in the decisions below, and need not be repeated here.

The decision of the Commissioner of Patents is affirmed.